UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent- Plaintiff,<br><br>　v.<br><br>AARYANA LEIGH MALCOLM,<br><br>　　　　　　Petitioner-Defendant. | NO: 2:13-CR-0124-TOR-1<br><br>ORDER DENYING SECTION 2255 MOTION |

BEFORE THE COURT is Petitioner's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 310). The motion is labeled a "Request to File a Successive § 2255" pursuant to two Supreme Court cases. However, Petitioner has never filed an initial or first § 2255, so this could not be a successive § 2255 motion.

The Court—having reviewed the motion, the record, and files therein—is fully informed. Because the files and records of the case conclusively show that Petitioner is entitled to no relief, the Government has not been ordered to respond. *See* 28 U.S.C. § 2255(b).

ORDER DENYING SECTION 2255 MOTION ~ 1

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Ms. Malcolm's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

Here, Ms. Malcolm is plainly not entitled to relief. A prisoner has one year to file a § 2255 motion, which time period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, because no appeal was filed, Ms. Malcolm's conviction became final 14-days after the Judgment was filed. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) ("if the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires.").

Accordingly, Ms. Malcolm's Judgment (ECF No. 305) became final on February 4, 2016 (Judgment entered January 21, 2016, plus fourteen days). She had one-year thereafter to timely file a § 2255 petition.

Ms. Malcolm contends that the Supreme Court's decision in *Welch v. United States*, 136 S.Ct. 1257 (2016), establishes her right to pursue this motion. *Welch* was decided April 18, 2016. Even if *Welch* applied to her case, which it does not, Ms. Malcolm was required to file her motion within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Thus, Ms. Malcolm was required to file for relief by April 18, 2017. She did not file this petition until more than 16 months thereafter, on August 22, 2018 (using the mailbox rule).

Because Ms. Malcolm's motion to vacate appeared to be time barred, this Court entered an Order to Show Cause directing Ms. Malcolm to establish that her section 2255 motion is not time barred. ECF No. 311. Ms. Malcolm was ordered to establish that she timely filed her motion or that the statute of limitations was tolled. *Id*. Ms. Malcolm was cautioned that absent proof establishing that her motion was timely filed or some other exception applied, her motion would be dismissed. *Id*. at 4.

On October 5, 2018, Ms. Malcolm's Response to the Order to Show Cause was filed. ECF No. 312. It does not establish any basis for the tolling of the statute of limitations concerning the filing of a section 2255 motion.

Ms. Malcolm seeks extinguishment of the 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon (including a firearm), so she would be eligible for the Residential Drug Abuse Program (RDAP). ECF No. 312 at 1. Ms. Malcolm seeks to contest the advisory sentencing guideline enhancement at this time. Generally, sentencing errors must be raised in the district court and then on direct appeal. No objection was raised in the district court and no appeal was filed in this case. Even if the 2-level enhancement was error, which it is not, nonconstitutional sentencing errors that were not raised on direct appeal are waived and generally may not be reviewed under § 2255. See *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Thus, Ms. Malcolm's motion to vacate must be dismissed because it is time barred and equitable tolling has not been established.

**B. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has

made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because she has not demonstrated that jurists of reason could disagree with the Court's resolution of her constitutional claim or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 310) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This file and the corresponding civil file shall be **CLOSED**.

**DATED** October 15, 2018.



THOMAS O. RICE
Chief United States District Judge