UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>AARYANA LEIGH MALCOLM,<br><br>                    Defendant. | NO. 2:13-CR-0124-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Compassionate Release. ECF No. 323. The Government filed its response. ECF No. 329. Defendant filed her reply. ECF No. 330. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On October 14, 2014, Defendant Aaryana Leigh Malcolm appeared before the Court and entered a plea of guilty to Count 2 of the Superseding Indictment

1  filed on January 7, 2014, charging her with Possession with the Intent to Distribute
2  50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C.
3  § 841(a)(1).  ECF Nos. 187, 188.  On January 21, 2016, this Court sentenced
4  Defendant to a 180-month term of imprisonment, followed by a 10-year term of
5  supervised release, and a $100.00 special penalty assessment.  ECF No. 305.
6  Defendant was remanded to the custody of the United States Marshal to begin
7  service of her sentence.  *Id*. at 2.  According to the Bureau of Prisons, Defendant is
8  currently scheduled for release on May 14, 2026.

9      On October 1, 2020, Defendant submitted a request for sentence reduction to
10  the warden of the facility where she is incarcerated, FCI Waseca.  ECF No. 323 at
11  15; 325 at 124-25.  On October 23, 2020, her request was denied.  ECF No. 325 at
12  126.

13      On February 10, 2020, Defendant filed the instant Motion for
14  Compassionate Release.  ECF No. 323.  Defendant requests the Court to reduce
15  her sentence to time-served (a greater than 5-year reduction).  *Id*. at 1.  She
16  explains that extraordinary and compelling reasons support such reduction,
17  including: her underlying medical conditions, the severity of her struggle with
18  COVID-19, its lasting impact on her health and the COVID-19 conditions at FCI
19  Waseca.  *Id*. at 22.  Defendant claims that she is no longer a danger to the
20

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

community, she has rehabilitated, and has completed educational and vocational training.

The Government agrees that Defendant "has identified medical conditions that place her at heightened risk should she contract COVID-19 again", but "does not concede or agree with a majority of the arguments presented". ECF No. 329 at 2. Because of Defendant's unique medical circumstances combined with her significant criminal history which raises concerns for the safety of the community, the Government did not argue for or against compassionate release. *Id*.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that

may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1. Here, Defendant suggests and the Court accepts that her motion should be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

B. Exhaustion or Lapse of 30 days

Defendant has exhausted her administrative remedies. She submitted a request for compassionate release to the Warden at FCI Waseca on October 1, 2020 and it was denied on October 23, 2020. ECF No. 325 at 124-26. The Government concedes that Defendant has exhausted her administrative remedies.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

ECF No. 329 at 12.

### C. Extraordinary and Compelling Reasons

Defendant, now age 51, argues that extraordinary and compelling reasons justify a reduction in sentence. Defendant contends that her medical conditions—cardiomyopathy, obesity, Type 2 diabetes mellitus, asthma, and compromised immune system—place her at an increased risk for severe illness if infected again with COVID-19. ECF No. 323 at 12-13. On September 1, 2020, Defendant tested positive for COVID-19. *Id*. at 6. Defendant was then hospitalized. Defendant claims she was placed in a coma for a period of time and was then released from the hospital after 10 days. *Id*. at 7. Defendant claims that she has not fully recovered from COVID-19, she is now on heart medications, diabetic medications, inhalers, and steroids. *Id*. at 7-8. Defendant claims she is a medically vulnerable individual and if she were to be reinfected with COVID-19, she may die. *Id*. at 13-14. Defendant's expert, Dr. Carlos Franco-Paredes, testified that "[t]here have been at least six documented cases of COVID-19 reinfection", ECF No. 325 at 45, out of the millions of cases. Defendant's other expert, Dr. Cameron Baston, only testified that there is a "risk of reinfection" and that patients "may have worse outcomes" upon the second infection. *Id*. at 85. He did not quantify the risk or outcomes. Defendant's third expert, Dr. Mark Sullivan, testified that "[t]he pandemic is ongoing, but there is hope a vaccine will be available within the next

six months." *Id*. at 119 (Declaration dated 12/4/2020).  None of the experts individually examined Defendant or reviewed her complete medical records.

The most recent medical records Plaintiff submitted were dated November 23, 2020, which show that Defendant complained about a cough and congestion (mild erythema of the pharynx), but an examination showed that she was medically stable (within normal limits), no fever, no chills, no nausea, no vomiting, she was properly medicating, she was performing exercise (walking 5-miles a day), she was assessed with: Asthma, unspecified, Cardiomyopathy, current, and her COVID-19 was "Resolved".  *Id*. at 3-5.

Whether Defendant is housed in prison or released, the virus continues to spread throughout the world.  Just because Defendant fears another infection in prison does not warrant immediate release into the community, where the virus also continues to spread as well.  In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

Defendant claims that she is a "model prisoner" that has rehabilitated, that she came to prison with only a GED and will leave prison as a Greenhouse specialist, a Housekeeping Apprenticeship, and as a Journeywoman.  ECF No. 323 at 23-25.  These claims can all be categorized as rehabilitation, which is not alone an extraordinary and compelling circumstance for release.   *See* 28 U.S.C. § 994(t)

("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). 18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such

        amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 34 and she had a criminal history category of VI. This directed an advisory guideline range of 262 to 327 months of imprisonment. The Court expressly departed from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

    Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, Defendant's relevant criminal conduct involved the repeated distribution of a significant quantity of methamphetamine into the community. Besides being the leader and organizer of a drug trafficking conspiracy obtaining methamphetamine

directly from Mexican suppliers, Defendant enlisted the help of others to collect drug debts, which resulted in multiple drive-by shootings and a car bombing. *See* ECF No. 300. Defendant possessed numerous firearms and provided them to her co-conspirators to further her drug distribution network. *Id*. Because of Defendant's prior criminal record, Defendant was categorized as a "career offender" under the guidelines with a criminal history category VI. *Id*. The Court is obligated to protect the public from defendant's serious and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she committed a non-violent crime and that she poses no danger to the community. The gravity of Defendant's instant offense and her extensive criminal history (beginning in 1992, at the age of 22) tells another story. Despite repeated prior convictions, Defendant continued her criminal conduct, undeterred. Because of her serious prior criminal history, Defendant qualified as a "career offender" under the sentencing guidelines.

Defendant's good conduct and successful rehabilitative activities— college classes, workshops and work while in prison—are all commendable, but do not alone warrant early release.  28 U.S.C. § 994(t).  Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 323, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** March 24, 2021.



THOMAS O. RICE
United States District Judge